UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA EDWARDS,

    Plaintiff,

vs.                                                            Case No.: 8:18-cv-02649-T-24-TGW

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant

_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 12). Defendant opposes the motion. (Doc. No. 13). As explained below, the motion is denied.

## **BACKGROUD**

This lawsuit arises out of a property insurance claim. Plaintiff Donna Edwards alleges the following in her Complaint (Doc. No. 1-3): During the policy period of June 18, 2017 to June 18, 2018, Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") insured Edwards' dwelling when her dwelling sustained a covered loss due to water damage. Upon notifying Liberty Mutual of the damage, Liberty Mutual assigned Edwards a date of loss of October 15, 2017. However, Liberty Mutual failed to provide coverage for all of Edwards' losses. Edwards contends that Liberty Mutual's failure to pay for all of her losses constitutes a material breach of the insurance policy.

1

Edwards served Liberty Mutual with her Complaint on September 19, 2018. In her Complaint, Edwards alleged that her damages exceed $15,000. On October 3, 2018, Edwards gave Liberty Mutual a settlement demand for $120,000. The settlement demand sought damages for the water damage, additional living expenses for 40 days, and attorneys' fees. The settlement demand was accompanied by a proposal for repair services that totaled $39,472.83. The proposal for repair services stated that it was based on a non-destructive visual inspection and that during the repair process, demolition may uncover other unforeseen damages that were not included in the repair estimate.

On October 29, 2018, after receiving this settlement demand, Liberty Mutual removed the case to this Court based on diversity subject matter jurisdiction. Thereafter, Edwards filed the instant Motion to Remand.

**STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction." *Musser v. Walmart Stores East, L.P.,* 2017 WL 1337477, at *1 (S.D. Fla. Apr. 12, 2017). Federal subject matter jurisdiction exists only when a controversy involves either a federal question or diversity of citizenship between the parties. *See id.* If a case having federal subject matter jurisdiction is initially brought in state court, the defendant can remove it to federal court under 28 U.S.C § 1441(a). The defendant bears the burden of establishing that federal subject matter jurisdiction over the case exists. *See id.* at *2. When arguing that diversity subject matter jurisdiction exists, the defendant must prove that the amount in controversy

exceeds the jurisdictional threshold of $75,000 by a preponderance of the evidence. *See id.; see also* 28 U.S.C. § 1332(a).

## DISCUSSION

Liberty Mutual removed this case based on diversity subject matter jurisdiction. Edwards is a citizen of Florida, and Liberty Mutual is a citizen of Wisconsin and Massachusetts. Therefore, complete diversity of citizenship exists. Edwards, however, argues that Liberty Mutual has not shown that the amount in controversy exceeds $75,000.

In support of its argument that the amount in controversy threshold has been met, Liberty Mutual relies primarily on Edwards' post-suit settlement demand of $120,000. Edwards argues that the Court should not rely on the $120,000 demand amount, because she had not provided a sufficient basis in the demand to support that figure accurately representing the amount in controversy. Edwards argues that her demand letter supports an amount in controversy far less than $75,000 based on the following: (1) the repair estimate of $39,472.83; (2) the $2,875 cost of the repair estimate; (3) living expenses of $8,663.46; and (4) minimal attorneys' fees,[1] likely less than $10,000. Those amounts total only $61,011.29.

Liberty Mutual argues that the amount in controversy at the time of the settlement demand exceeded $75,000 due to the fact that the repair estimate stated that it was based on a non-destructive visual inspection and that during the repair process, demolition may

---

[1] Attorneys' fees are included in the amount in controversy when they are allowed under a statute or by contract. Florida Statute § 627.428 allows for recovery of attorneys' fees when an insured obtains a judgment against their insurer.

uncover other unforeseen damages that were not included in the repair estimate. Furthermore, Liberty Mutual points out that Edwards did not simply request the policy limits ($132,000 for the dwelling, plus $26,520 for additional living expenses). Finally, and perhaps most importantly, if the Court did not find the *post-suit* settlement demand to be persuasive evidence of the amount in controversy, Liberty Mutual (as well as defendants in general) would never know when the 30-day limit for removal based on an "other paper" was triggered.

Edwards has not provided an explanation as to why her initial demand of $120,000 is no longer the amount she is seeking, nor has she stated to the Court that her damages are, in fact, less than $75,000. Instead, she simply argues that the settlement demand does not establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Based on the above, the Court finds that Edwards' post-suit settlement demand provides a reasonable assessment of the value of her claim, which is in excess of $75,000. Therefore, the Court finds that Liberty Mutual has shown that diversity subject matter jurisdiction exists.

## CONCLUSION

Accordingly, it is ORDEDED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record